UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ilya Tramell Salter, ) | Civil Action No.: 8:14-cv-02746-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Larry Cartledge, Warden of Perry ) | |
| Corr. Inst., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Ilya Tramell Salter, a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant Larry Cartledge, Warden of Perry Correctional Institution. *See* Complaint, ECF No. 1. Plaintiff alleges constitutional claims involving deliberate indifference to his personal health, denial of court access, deprivation of due process, violation of his equal protection rights, and violation of his First Amendment rights. *Id.* at 2-7. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 61. The Magistrate Judge recommends the Court dismiss Plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* at 3.

Plaintiff filed the complaint on July 8, 2014, and Defendant filed an answer on October 30,

---

[1] The Magistrate Judge conducted her review of Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

2014.  *See* ECF Nos. 1 and 22.  On December 31, 2014, Plaintiff filed a motion to amend or correct his complaint; the Magistrate Judge denied Plaintiff's motion because he failed to provide a proposed amended complaint with his motion.  *See* ECF Nos. 40 and 44.  On February 19, 2015, Defendant filed a motion for summary judgment.  *See* ECF No. 51.  The next day, the Magistrate Judge issued a *Roseboro*[2] order notifying Plaintiff of the summary judgment/dismissal procedure and warning him of the consequences if he failed to adequately respond.  *See* ECF No. 52.  On March 20, Plaintiff filed a motion for an extension of time to file a response to Defendant's motion for summary judgment.  *See* ECF No. 56.  The Magistrate Judge granted Plaintiff an extension to file his response by April 27, 2015.  *See* ECF No. 57.  On April 29, having received no response from Plaintiff, the Magistrate Judge issued an order reminding Plaintiff that his response was past due, giving him until May 19, 2015, to file his response, and warning him that his case would be deemed abandoned if he filed no response.  *See* ECF No. 59.  Plaintiff never filed a response, and the Magistrate Judge issued the R & R on May 22.  *See* R & R, ECF No. 61.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R.  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

*See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error.  Accordingly, the R & R of the Magistrate Judge [ECF No. 61] is adopted and incorporated by reference.  It is therefore **ORDERED** that Plaintiff's complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Florence, SC                                                                                     s/ R. Bryan Harwell
June 24, 2015                                                                                   R. Bryan Harwell
                                                                                                United States District Judge